EUGENE POWELL v. THE STATE.

No. 8719.  Decided May 21, 1924.

Rehearing denied June 25, 1924.

Manufacturing Intoxicating Liquor—Charge of Court—Whisky.

Where the charge of the court specifically instructed the jury that before they could find a verdict of guilty that appellant manufactured whisky, the same is sufficient, as it has been often held by this court that whisky is intoxicating liquor.

Appeal from the District Court of Denton.  Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Baskett & DeLee,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Denton county of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The record is before us without any statement of facts. The indictment is in regular form, and the charge of the court presents the law applicable to the offense, and we find no merit in the exceptions taken to the court's charge. We are unable to appraise the weight of any of them in the absence of a statement of facts.

An affirmance is ordered.

*Affirmed.*

ON REHEARING.

June 25, 1924.

LATTIMORE, JUDGE.—There is but one question raised in appellant's motion for rehearing, viz: that the trial court erred in failing to require the jury to believe that liquor "capable of producing intoxication" was manufactured by appellant. The charge of the court below specifically instructed the jury that before they could find a verdict of guilty they must believe that appellant manufactured whisky. It has been often held by this court that whisky is intoxicating liquor. The objection to the charge of the court is without merit.

The motion for rehearing will be overruled.

*Overruled.*